IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHASE COOPER JOHNSON, | ) |
| Petitioner, | ) Civil Action No. 2:20-cv-68 |
| v. | ) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | ) |
| Respondent. | ) |

**MEMORANDUM**

Pending before the Court[1] is the petition for a writ of habeas corpus (ECF No. 1) filed by state prisoner Chase Cooper Johnson ("Petitioner"). For the reasons set forth below, the Court will deny the petition, deny a certificate of appealability, and close this case.

**I. Background**

**A. Relevant Procedural Background**

Petitioner is incarcerated in the Allegheny County Jail. On or around November 20, 2020, he filed a petition for a writ of habeas corpus with this Court in which he indicated that he was a pre-trial detainee but was also serving a sentence for a parole or probation violation.[2] It was difficult to discern whether Petitioner was challenging the validity of his detention as a pre-trial detainee or an alleged unlawful action by the Pennsylvania Board of Probation and Parole (the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] This original petition was docketed at civil action number 2:19-cv-1542. When Petitioner subsequently filed the instant petition along with a $5.00 filing fee, he did not indicate that the petition was to be filed in civil action number 2:19-cv-1542. As a result, the Clerk of Court opened a new civil action at the instant docket number (2:20-cv-68) and filed the petition in it. The Court recognizes that the two habeas actions are related.

1

"Board"), which was the only entity he named as respondent. Therefore, in an order dated January 3, 2020, the Court explained that if it was Petitioner's intent to claim, for example, that the Board was illegally detaining him or had erred in calculating the date his parole-violator sentence would expire, he should file a habeas petition under 28 U.S.C. § 2254. The Court further explained that if it was Petitioner's intent to challenging the legality of his pre-trial custody related to the criminal charges recently filed against him in the Court of Common Pleas of Allegheny County, he may raise such claims in a § 2241 habeas petition, but the Board is not the proper respondent.

The Court provided Petitioner with the standard forms for a habeas action filed under § 2254 and § 2241 and directed him to read the instructions provided with each form, choose the one that is appropriate for his case, answer all of the questions on that form, and then file it with the Court. The Court also advised Petitioner that the purpose of a habeas action is to obtain relief from unlawful custody and that if wished to pursue non-habeas claims against a defendant, he must initiate a separate civil action by filing a complaint along with the statutory filing fee or a properly completed application to proceed *in forma pauperis*.

On or around January 12, 2020, Petitioner submitted the instant petition for a writ of habeas corpus on the standard form for a § 2254 habeas case along with the $5.00 filing fee. He once again named the Board as the only respondent. He claims that the Board is detaining him beyond the expiration of his maximum sentence date, miscalculated the term of his parole-violator sentence, and is "operating" an "invalid" probation sentence. (ECF No. 1 at 5-10). As relief, he seeks an order vacating his alleged illegal sentence. (*Id.* at 15). Petitioner also seeks money damages, but that type of relief is not available in a habeas proceeding. *Marine v. Quintana*, 347 F. App'x. 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

2

The Board filed its answer and the relevant state court, parole, and probation records. (ECF No. 18). Petitioner subsequently filed several pleadings which the Court has construed together as his reply to the Board's answer. (ECF Nos. 21, 22, 23, 26, 27).

**B.     Relevant Factual Background**

On August 27, 2014, the Court of Common Pleas of Allegheny County sentenced Petitioner in a case at docket CP-02-CR-11946-2013 ("Case No. 1") to a term of 2 to 4 years of incarceration. (Resp's Ex. 1, ECF No. 18-1 at 5). Petitioner was released to parole on April 4, 2016. At the time, his maximum sentence date was set to expire two years later, in April 2018. (*Id.*; Resp's Ex. 2, ECF No. 18-1 at 9).

On January 19, 2017, the Commonwealth filed new criminal charges against Petitioner at docket CP-02-CR-1839-2017 ("Case No. 2") for illegally possessing a firearm. (Resp's Ex. 3, ECF No. 18-1 at 11). That same day, the Board issue a Warrant to Commit and Detain him for a parole violation. (Resp's Ex. 4, ECF No. 18-1 at 20).

Petitioner was convicted in Case No. 2 and the state court sentenced him on April 10, 2018 to a maximum term of imprisonment of 1 year, 11 months, and 28 days in the Allegheny County Jail, to be followed by two 7-year terms of probation, to be served concurrently. (Resp's Ex. 5, ECF No. 18-1 at 22-23). The state court credited him for time served and he was immediately paroled from confinement for the sentence imposed in that case. (*Id.*)

As a result of his conviction in Case No. 2, Petitioner became a convicted parole violator in Case No. 1. Therefore, in a decision mailed on July 2, 2018, the Board recommitted him as a convicted parole violator. (Resp's Ex. 6, ECF No. 18-1 at 25-26). It did not grant him credit for time spent at liberty while on parole and informed him that his parole-violator maximum sentence date in Case No. 1 would expire on October 1, 2019. (*Id.*)

Petitioner filed an administrative remedy request with the Board in which he alleged that it did not have the authority to recalculate his original sentence, improperly recalculated his maximum sentence date, and abused its discretion by not giving him credit for the time he spent at liberty on parole. (Resp's Ex. 7, ECF No. 18-1 at 28-29). In a decision mailed on June 5, 2019, the Board advised him that it properly calculated the term of his parole-violator sentence and that he was not entitled to any administrative relief. (Resp's Ex. 10, ECF No. 18-1 at 38-40). It also notified Petitioner that he could challenge its decision by filing an appeal with the Commonwealth Court of Pennsylvania within 30 days. (*Id.* at 40). Petitioner did not file an appeal.

In the meantime, the state court had submitted to the Board a Request for Special Probation/Parole Supervision asking that it supervise the probation sentences in Case No. 2. (Resp's Ex. 8, ECF No. 18-1 at 31-32). It indicated that the probation expiration date in Case No. 2 is July 25, 2026. (Resp's Ex. 8, ECF No. 18-1 at 32). The Board accepted supervision of the probation sentence in that case. (Resp's Ex. 9, ECF No. 18-1 at 36).

As set forth above, Petitioner's parole-violator maximum sentence date in Case No. 1 expired on October 1, 2019. The following month, on November 5, 2019, he was found in possession of a handgun and the Commonwealth charged him with new criminal offenses in a case at CP-02-CR-13051-2019 ("Case No. 3"). (Resp's Ex. 12, ECF No. 18-1 at 46). The court set bail, but Petitioner did not post it. On November 6, 2019, the Board issued a Warrant to Commit and Detain Petitioner. (Resp's Ex. 13, ECF No. 18-1 at 50). On November 18, 2019, the state court issued orders to detain Petitioner in Case No. 2 and four of his other criminal cases. (Resp's. Ex. 14, ECF No. 18-1 at 52). That same day, the Board cancelled the Warrant to Commit and Detain that it had issued on November 6, 2019. (Resp's Ex. 15, ECF No. 18-1 at 55).

The Court takes judicial notice of the docket sheet for Petitioner's criminal proceeding in Case No. 3, which is available to the public online. It indicates that Petitioner's trial in that case is currently scheduled to begin on August 24, 2020.

## II. Discussion

The federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment is 28 U.S.C. § 2254. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. *Id*.; *see, e.g., Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

Petitioner claims that the Board erred when it calculated his parole-violator maximum sentence date in Case No. 1 to be October 1, 2019. The Board asserts that the Court must deny this claim for several reasons, including that Petitioner failed to exhaust it. The Court agrees that Petitioner failed to exhaust this claim and therefore, the claim should be denied as procedurally defaulted.

The "exhaustion doctrine" requires that a state prisoner raise his federal constitutional claims in state court through the proper procedures before he litigates them in a federal habeas petition. *See, e.g., Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) ("[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts.") (citing 28 U.S.C. § 2254(b)(1)(A)). It is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights[,]" *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), and "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal

courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The Supreme Court held that a petitioner must have "invoke[d] one complete round of the State's established appellate review process[,]" in order to satisfy the exhaustion requirement. *Id.* (emphasis added).

In order to properly exhaust his claim that challenges the Board's calculation of the date his parole-violator sentence would expire in Case No. 1, Petitioner was required to file an administrative review of the Board's July 2, 2018 decision, 37 Pa. Code § 73.1; then file an appeal with the Commonwealth Court of Pennsylvania, 42 PA. CONS. STAT. § 763(a); and then seek allowance of appeal with the Supreme Court of Pennsylvania. Pa.R.A.P. 1114; *Williams v. Wynder*, 232 F. App'x 177, 179-80 (3d Cir. 2007). He completed the first step, but not the second or the third. As a consequence, Petitioner procedurally defaulted his claim that the Board erred in calculating his maximum sentence date. *Williams*, 232 F. App'x at 181. *See also Lines v. Larkins*, 208 F.3d 153, 16069 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default "is grounded in concerns of comity and federalism," *Coleman*, 501 U.S. at 730, and it provides that a federal habeas claim may not be addressed by the federal habeas court where, as is the case here, the petitioner failed to present it to the state court and the state court would now decline to address it on the merits because state procedural rules bar such consideration. *See, e.g., Lines*, 208 F.3d at 162-69. Thus, Petitioner's challenge to the Board's calculation of the date his parole-violator sentence would expire is denied because he failed to exhaust that claim and it is now procedurally defaulted.

To the extent that Petitioner also is claiming that he is being illegally detained by the Board and that, therefore, this Court should order that he be released from his alleged unlawful imprisonment, that claim is denied because the record establishes that its premise is factually untrue. Petitioner is being detained because he did not post bail in Case No. 3 and pursuant to

6

orders issued by the state court on November 18, 2019. (Resp's. Ex. 14, ECF No. 18-1 at 52). The record establishes that the Board canceled the Warrant to Commit and Detain Petitioner that it had issued on November 18, 2019. Petitioner has failed to demonstrate that the Board presently has any detainers lodged against him.

Finally, Petitioner also appears to be claiming that the Board violated the Americans with Disabilities Act. (ECF No. 1 at 10; ECF No. 21). That claim is not cognizable in a habeas action, the purpose of which is to challenge the fact of a criminal conviction or the duration of a sentence and to secure release from illegal custody. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973); *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). As the Court explained to Petitioner in its initial order, if he wants to pursue non-habeas claims against a defendant, he must initiate a separate civil action by filing a complaint along with the statutory filing fee in the amount of $350.00, plus an administrative filing fee in the amount of $50.00, for a total of $400.00, or a properly completed application to proceed *in forma pauperis*. (ECF No. 2 in 2:19-cv-1542).

### III.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Applying those standards here, jurists of reason would not find the Court's disposition of Petitioner's claims to be debatable. Accordingly, the Court will not issue a certificate of appealability on any of Petitioner's grounds for relief.

**IV.    Conclusion**

Based upon all of the forgoing, the Court concludes that Petitioner has not satisfied his burden of demonstrating that he is entitled to the writ of habeas corpus. The Court will deny his petition, deny a certificate of appealability, and direct the Clerk of Court to close this case.

An appropriate Order follows.

Date:  August 21, 2020
/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge